IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CRYSTAL DONALDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 11-cv-2608 SAC/KGS |
| | ) | |
| **PROFESSIONAL BUREAU** | ) | |
| **OF COLLECTIONS** | ) | |
| **OF MARYLAND, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CRYSTAL DONALDSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CRYSTAL DONALDSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Salina, County of Saline, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to Citi Financial Auto.

6. The debt that Plaintiff originally allegedly owed to Citi Financial Auto was for a loan and/or financing relative to Plaintiff's personal vehicle.

7. The debt that Plaintiff allegedly owed Citi Financial Auto was purchased, acquired and/or otherwise obtained by Santander Consumer USA, Inc., (hereinafter "Santander").

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Maryland.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. In 2010 through January 8, 2011, and on multiple occasions during the aforesaid time period, Defendant sent correspondence to Plaintiff in an attempt to collect a debt she owed to Santander.

16. During the course of the aforesaid time period, Plaintiff made payments to Defendant relative to the debt on which it was attempting to collect.

17. On or about March 17, 2011, Plaintiff engaged in a telephone conversation with a duly authorized representative of Defendant.

18. During the course of the aforesaid telephone conversation, Plaintiff and Defendant discussed entering into a settlement agreement relative to the balance of the debt Plaintiff allegedly owed.

19. Defendant informed Plaintiff that she could settle the debt she owed to Santander by entering into a payment plan with Defendant.

20. Defendant informed Plaintiff that she could settle the debt she owed to Santander by paying a total amount to Defendant in the amount of $4,316.54.

21. Defendant informed Plaintiff that she could pay a total of $4,316.54, in four separate payments to Defendant.

22. Defendant informed Plaintiff that pursuant to a settlement agreement she could make her first payment on March 17, 2011, in the amount of $4,000.

23. Defendant informed Plaintiff that pursuant to a settlement agreement she could then make two (2) additional payments each in the amount of $105.51.

24. Defendant informed Plaintiff that pursuant to a settlement agreement she could then make her last payment to Defendant in the amount of $105.52.

25. Plaintiff and Defendant then discussed the dates on which Plaintiff would be able to make the aforesaid payments.

26. Plaintiff and Defendant agreed that Plaintiff's payments in the amount of $105.51 would be made on April 9, 2011 and on May 9, 2011.

27. Plaintiff and Defendant agreed that Plaintiff's payment in the amount of $105.52 would be made on June 9, 2011.

28. Defendant then asked Plaintiff if she accepted the terms of the settlement agreement.

29. Plaintiff informed Defendant that she would not accept the aforesaid terms unless she had a chance to view the terms in writing.

30. Plaintiff then requested that Defendant send her a copy of the settlement agreement in writing.

31. During the course of the aforesaid telephone conversation, Defendant sent Plaintiff a copy of the settlement agreement via e-mail.

32. During the course of the aforesaid telephone conversation, Plaintiff received a copy of the settlement agreement sent by Defendant.

33. The terms of the settlement agreement sent by Defendant were identical to the terms of the settlement agreement discussed by the parties, as aforesaid.

34. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that she accepted the terms of the settlement offer that Defendant had sent to her.

35. Plaintiff confirmed with Defendant that the parties had reached a settlement agreement.

36. Defendant informed Plaintiff that the parties had reached a settlement agreement.

37. Defendant then confirmed with Plaintiff her bank account information.

38. Plaintiff and Defendant agreed that Defendant would automatically withdraw the aforesaid post-dated payments from Plaintiff's banking account.

39. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that the parties had reached a settlement agreement in the amount of $4,316.54.

40. Due to Defendant's representations, Plaintiff believed that she had reached a settlement agreement in the amount of $4,316.54.

41. Subsequent to June 7, 2011, as delineated below, Plaintiff complied with the terms of the settlement agreement that she entered into with Defendant.

42. Subsequent to June 7, 2011, as delineated below, Plaintiff had paid Defendant at least $4,316.54.

43. Subsequent to June 7, 2011, Plaintiff no longer owed a debt to Santander.

44. Subsequent to June 7, 2011, notwithstanding that Plaintiff no longer owed a debt to Santander, upon information and belief, Defendant referred, transferred and/or sold the debt on which it was attempting to collect to a third-party debt collector and/or to Santander.

45. Upon information and belief, at the time Defendant referred, transferred and/or sold the debt on which it was attempting to collect to a third-party debt collector and/or to

Santander, Defendant did not apprise the third-party debt collector and/or Santander that Plaintiff had paid the debt in full pursuant to a settlement agreement and hence she no longer owed a debt.

46. Upon information and belief, at the time Defendant referred, transferred and/or sold the debt on which it was attempting to collect to a third-party debt collector and/or to Santander, Defendant did not apprise the third-party debt collector and/or Santander that Plaintiff and Defendant had reached a settlement relative to the debt and that Plaintiff had compiled with the terms of the settlement.

47. Defendant's representations to Plaintiff that the parties had reached a settlement relative to the debt on which it was attempting to collect were false, deceptive and/or misleading given that subsequent to Plaintiff having complied with the terms of the settlement Defendant referred, transferred and/or sold the debt to a third-party debt collector and/or to Santander without apprising the aforesaid that Plaintiff no longer owed a debt.

48. Defendant's representations to Plaintiff that the parties had reached a settlement relative to the debt on which it was attempting to collect misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that subsequent to Plaintiff having complied with the terms of the settlement Defendant referred, transferred and/or sold the debt to a third-party debt collector and/or to Santander without apprising the aforesaid that Plaintiff no longer owed a debt.

49. Defendant's conduct in entering to a settlement agreement with Plaintiff and accepting payments from Plaintiff pursuant to the settlement only to later refer, transfer and/or sell the debt to a third-party debt collector and/or to Santander without apprising the aforesaid that Plaintiff had fulfilled her obligations under the settlement agreement was unfair and/or unconscionable.

50. Defendant's conduct in entering to a settlement agreement with Plaintiff and accepting payments from Plaintiff pursuant to the settlement only to later refer, transfer and/or sell the debt to a third-party debt collector and/or to Santander without apprising the aforesaid that Plaintiff no longer owed a debt was unfair and/or unconscionable.

51. On March 18, 2011, pursuant to the terms of the settlement agreement that was entered into between the parties, as delineated above, Defendant withdrew $4,000 from Plaintiff's banking account.

52. The aforesaid withdrawal was made in accordance with Defendant's and Plaintiff's settlement agreement.

53. On April 11, 2011, Defendant withdrew $107.51 from Plaintiff's banking account.

54. At the time Defendant made the aforesaid withdrawal, the parties had agreed that the aforesaid payment was to be in the amount of $105.51 not in the amount of $107.51.

55. Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, withdrew $2.00 more than it was authorized to withdraw pursuant to the settlement agreement.

56. Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, collected funds from Plaintiff to which it had no consent or authority to collect.

57. On May 9, 2011, Defendant withdrew $107.51 from Plaintiff's banking account.

58. At the time Defendant made the aforesaid withdrawal, the parties had agreed that the aforesaid payment was to be in the amount of $105.51.

59. Again, Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, withdrew $2.00 more than it was authorized to withdraw pursuant to the settlement agreement.

60. Again, Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, collected funds from Plaintiff to which it had no consent or authority to collect.

61. Plaintiff's last payment to Defendant, pursuant to the settlement agreement, was to be made on June 9, 2011 in the amount of $105.52.

62. On or about May 26, 2011, Defendant sent Plaintiff a correspondence.

63. In the aforesaid correspondence, Defendant stated that Plaintiff's next payment was due June 9, 2011.

64. In the aforesaid correspondence, Defendant stated that Plaintiff's next payment amount was for $105.51.

65. On May 7, 2011, Defendant withdrew $107.51 from Plaintiff's banking account.

66. Despite Defendant's representation, in the aforesaid correspondence, that it would withdraw funds from Plaintiff's account on June 9, 2011, two (2) days before the scheduled date of payment, on June 7, 2011, Defendant withdrew funds from Plaintiff's bank account.

67. Despite the parties having entered into a settlement agreement whereby Defendant was to withdraw funds from Plaintiff's account on June 9, 2011, two (2) days before the scheduled date of payment, on June 7, 2011, Defendant withdrew funds from Plaintiff's bank account.

68. At the time Defendant made the aforesaid withdrawal, the parties had agreed that the aforesaid payment was to be in the amount of $105.51.

69. Despite Defendant's representation, in the aforesaid correspondence, that it would withdraw funds from Plaintiff's account in the amount of $105.51, Defendant withdrew funds from Plaintiff's bank account in the amount of $107.51.

70. For a third time, Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, withdrew $2.00 more than it was authorized to withdraw pursuant to the settlement agreement.

71. For a third time, Defendant, in withdrawing $107.51 from Plaintiff's bank account, as delineated above, collected funds from Plaintiff to which it had no consent or authority to collect.

72. Subsequent to June 7, 2011, Plaintiff had fulfilled her terms of the settlement agreement with Defendant.

73. Subsequent to June 7, 2011, Plaintiff had paid Defendant in excess of $4,316.54 relative to the settlement agreement Plaintiff entered into with Defendant.

74. To date, Defendant has not refunded to Plaintiff the amount she paid to Defendant in excess of $4,316.54.

75. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    g. Deposited or threatened to deposit a postdated check or other postdated payment instrument prior to the date on such check or instrument in violation of 15 U.S.C. §1692f(4); and,

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

76. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

77. Plaintiff hereby demands a trial by jury on all issues so triable.

78. The Plaintiff, CRYSTAL DONALDSON, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRYSTAL DONALDSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                    Respectfully submitted,
                    **CRYSTAL DONALDSON**

            By:    s/ D. Matthew Durgin
                    Attorney for Plaintiff

Dated: November 4, 2011

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:  (913) 908-2313
               (913) 871-4170
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us